**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ANTHONY SMITH**                                                                       **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:15-CV-162-MPM-SAA**

**UNION INSURANCE COMPANY**                                    **DEFENDANT**

## ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE

On July 19, 2016 plaintiff filed a motion to compel defendant to respond properly to some of plaintiff's written discovery requests. Docket 81. Plaintiff also requests that the court order the deposition of attorney Jeff Skelton (an attorney in the underlying workers' compensation claim) be taken. *Id*.

      L. U. Civ. R. 37(a) states:

> **(a)**     **Good Faith Certificate.** Before service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions. This certificate must specify whether the motion is unopposed, and if opposed, by which party(ies) and the method by which the matter has been submitted to the magistrate judge for resolution. The certificate must bear the signatures/endorsements of all counsel. If a party fails to cooperate in the attempt to resolve a discovery dispute or prepare the Good Faith Certificate, the filed motion must be accompanied by an affidavit or a 28 U.S.C. § 1746 declaration by the moving party detailing the lack of cooperation and requesting appropriate sanctions.

Plaintiff claims that counsel for defendant did not cooperate in the preparation of the Good Faith Certificate, but plaintiff's counsel failed to accompany the motion to compel with an affidavit or 28 U.S.C. § 1746 declaration.

Based on the plaintiff's assertions the court could find parts of the motion well taken. Notwithstanding, "[f]ailure to comply with . . ." the requirements of L. U. Civ. R. 37(a) or (b) "will result in a denial of the motion without prejudice to the party, who may refile the motion upon conformity with the rule." L. U. Civ. R. 37(c). Accordingly, it is

**ORDERED**

that plaintiff's motion to compel is denied without prejudice. The court admonishes counsel for defendant that if the plaintiff does comply with the requirement of certification and is required to move again for an order directing defendant to respond to discovery requests, under FED. R. CIV. P. 37(a)(5), unless failure to respond was substantially justified or sanctions would otherwise be unjust, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion."

Counsel are further reminded that the new rule in this district is that the parties must not only confer to attempt to resolve the dispute, but if the dispute remains unresolved, they must contact the court for a telephonic conference before filing a discovery motion. The purpose of the new rule is to facilitate disputes that could be solved over the phone without the expense and time delay that accompanies motion practice. The parties are encouraged to work together to narrow the issues before contacting the court, and if the court determines motion practice is appropriate, the court will order the parties to proceed by filing a motion.

THIS, the 29th day of July, 2016.

                                                  /s/ S. Allan Alexander
                                                  UNITED STATES MAGISTRATE JUDGE