IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY SMITH                                                                                     PLAINTIFF

v.                                                                        Civil Action No.: 3:15-cv-00162-MPM-RP

UNION INSURANCE COMPANY                                                                  DEFENDANT

### ORDER

Now before the Court is plaintiff Anthony Smith's ("Smith") *Consolidated Motion in Limine* [176], wherein he asserts seventeen different motions *in limine*. Defendant Union Insurance Company ("Union") filed a response, stating its position as to each of the seventeen motions. The Court has considered the parties' arguments, in addition to relevant authorities, and is now prepared to rule.

The Court has set forth the factual and procedural background which has led the case to its present posture multiple times in previous orders. It will, therefore, refrain from doing so again now and, instead, focus solely upon the substance of the seventeen different motions urged by Smith. As set forth below, the Court finds that some of the motions are well-taken, while others are not. Accordingly, the consolidated motion will be granted in part.

**Standard for Motions *in Limine***

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted). In this context, "[e]vidence should not be excluded . . . unless it is clearly inadmissible on *all potential*

*grounds*."[1]  *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added).

Evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).  Moreover, the "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

This Court has previously emphasized that "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original); *see also Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at*1 (N.D. Miss. Dec. 16, 2008) ("[M]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection.").

---

[1] *See also U.S. v. Porter*, 2016 WL 740393, at *3 (E.D. La. Feb. 25, 2016) (quoting *Harris v. City of Circleville*, 2010 WL 816974, at *2 (S.D. Ohio Mar. 5, 2010)) ("[A] court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is *clearly inadmissible*.") (emphasis added).

Additionally, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature . . . constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, 2008 WL 5255819, at *1.

## Discussion

The Court will address each of Smith's seventeen motions in turn.

*First Motion:*

Smith's first motion relates to his receipt of social security funds. On this point, he argues that Union should not be able to use the fact that Smith has received funds from a collateral source, which is wholly independent of the alleged wrongdoing, as a mitigating factor for the damage caused by its conduct. Union states that it does not oppose this request. It will be granted.

*Second Motion:*

In his second motion, Smith argues that "[a]ny reference or suggestion that Union Insurance Company is now sorry or regrets the conduct in question is an improper appeal for jury sympathy" and should therefore be excluded. The motion is unopposed and will be granted.

*Third Motion:*

Smith's third motion requests exclusion of "[a]ny claim or comment regarding the financial consequences of any judgment rendered against [Union] in this proceeding or that any payment made by [Union] may effect premiums or costs to the insurance company and therefore result in an increase of premiums charged to other businesses, or the public in general." Union does not oppose this request. Therefore, it will be granted.

*Fourth Motion:*

Smith's next motion requests that the Court prohibit any statements by defense counsel comparing Smith's decision to file a lawsuit to "playing the lottery" or any similar phrase. Smith avers that a comment of this nature is done solely for the purpose of inflaming the jury and should be excluded.

In response, Union states that it "has no intention of using the terms, 'playing the lottery', 'lotto or powerball', or 'roll of the dice'. Therefore, it does not oppose this request." The motion will be granted.

*Fifth Motion:*

In the fifth motion, Smith requests that the Court prohibit Union from making any reference to the tax consequences of any monetary award he may receive. Union does not oppose the motion, and it will be granted.

*Sixth Motion:*

Next, Smith argues that he "anticipates [Union] will attempt to elicit evidence or argue to the jury that [he] somehow did something wrong when he hired an attorney in this matter." Smith further states that "[s]uch fact regarding the employment of counsel is irrelevant and does not tend to prove or disprove any issue of material fact."

The Court will set forth below Union's complete response to Smith's argument, in order to provide a clear picture of its position:

> Union states that it will not suggest "Plaintiff somehow did something wrong when he hired an attorney." Union further states that it does not dispute that the date Plaintiff retained counsel is privileged. However, Plaintiff's retention of an attorney, the time at which that attorney made his presence known to the Employer, Carrier and Commission, including his filing of the Petition to Controvert and Motion(s) to Compel, and the other actions he took of Plaintiff's behalf in the underlying workers' compensation claim, are certainly relevant to the case at hand. Therefore, Union will provide the dates Plaintiff's attorney took

action in its argument. Additionally, the actions Plaintiff's attorney chose to take will also be argued. Plaintiff's attorney knew or should have known the Mississippi Workers Compensation law, rules and/or regulations, including, but not necessarily limited to, those dealing with utilization review procedures, which is relevant and significant to the issues in dispute in this lawsuit.

Having reviewed the parties' arguments, it appears that Union does not dispute Smith's request that it not argue that Smith "somehow did something wrong when he hired an attorney." Therefore, that request will be granted. However, the Court finds compelling Union's position that the actions taken by Smith's attorney, including the timing of his filing of the motions to compel, are relevant to his claims in this action. Consequently, to the extent that Smith seeks to prohibit Union from introducing evidence on that point, his motion will be denied.[2]

*Seventh Motion:*

In his seventh motion, Smith requests that the Court exclude "any claim or discussion by counsel for [Union] pertaining to the time or circumstances under which [he] filed the present lawsuit. The law only requires that [he] file his lawsuit within the applicable statute of limitations, therefore, the only 'delay' in the filing of [his] complaint that has any legal relevancy would be that which was when the complaint was filed untimely." Union does not oppose this request. Accordingly, the motion will be granted.

*Eighth Motion:*

Smith's eighth motion relates to the availability of witnesses. Specifically, he states that he "has not called and will not call any witness equally available to both parties to testify in this cause. It is improper to comment on the failure of the opposing party to produce certain witnesses where it appears that the opposing party knew of the witnesses or had equal access to

---

[2] It is unclear whether Smith desired to exclude actions taken by his attorney, such as the timing of his filing of motions to compel. However, the Court has set forth this ruling as to that evidence due to Union's response. It will also serve to limit evidentiary issues that must be addressed at trial.

5

empower to produce them." Smith's entire argument as to this motion is that "Plaintiffs request that the Defendant be instructed that they may not tender, mention or refer to testimony of witnesses not actually called to testify at trial particularly where it appears that the opposing party or as in this case, Defendant, knew the witnesses, or had the power to produce them. FRE 611"

In opposition, Union argues that it "objects to Plaintiff's request that [it] be prevented from mentioning certain witnesses identified in discovery on grounds that the request is not specific. Quite simply, Union is unable to determine what witnesses or information Plaintiff is attempting to exclude."

In short, the Court agrees with Union. As stated above, "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette*, 2011 WL 2134578, at *4 (emphasis in original). Smith's motion does not set forth the basis of its argument with sufficient specificity to satisfy this standard. Therefore, it will be denied. Smith may, of course, raise his concerns regarding this issue at trial if it arises then.

*Ninth Motion:*

Smith next argues for exclusion of "[d]ocuments, photographs or tape recordings that have not been produced in discovery." Union does not oppose the request. The motion will be granted.

*Tenth Motion:*

In his tenth motion, Smith states that he expects Union "will attempt to elicit in [sic] evidence of payments made to him in settlement for wage benefits under the Mississippi Workers' Compensation Claim. Although the amount of weekly benefits paid during the dependancy [sic] of the ongoing workers' compensation claim may be relevant, the amount paid in final settlement on conclusion of that claim for wages are irrelevant to this proceeding."

Union opposes the motion. Specifically, it argues that Smith is attempting to exclude evidence related to his settlement of his underlying workers' compensation claim "by arguing that the settlement was limited to 'wage benefits', rather than medical care or medical benefits. However, per the settlement agreement in the workers' compensation claim, the settlement amount was for the compromise of all benefits to which [he] may be entitled under the Mississippi Workers' Compensation Act[.]" Union attached to its response a copy of the Workers' Compensation Commission's order approving Smith and Union's settlement of the workers' compensation claim. That order states that Smith "indicated a willingness to accept the sum of $55,000.00 in full and final settlement of any and all benefits he may be entitled to receive under the Act. . . The total settlement is as follows: $55,000.00 less attorney's fees of $7,000.00 and future medical of $40,000.00. This leaves a balance of $8,000.00 for permanent partial disability benefits."

The Court finds that the motion should be granted. In its view, the settlement of the workers' compensation claim—regardless of the amount or what that amount represented—is not relevant in this matter. Smith's bad faith claim is based upon an independent tort. It is thus completely distinct from his workers' compensation claim. Therefore, this evidence does not appear to be relevant to Smith's damages in this case.

*Eleventh Motion:*

In his next motion, Smith requests that the Court prohibit Union from suggesting to the jury that they should "place themselves in the place of, and in the shoes of the Defendant." Union does not oppose this request. It is well-taken and will be granted.

*Twelfth Motion:*

In his twelfth motion, Smith "respectfully requests the Court to prevent counsel for the Defendant from referring to inadmissible [hearsay] in either the opening statement or closing arguments." Union avers that this request is not sufficiently specific to allow it to fashion a response in opposition.

As set forth previously, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature . . . constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, 2008 WL 5255819, at *1. This request appears to be nothing more than a "shotgun" motion. It is extremely vague, does not satisfy this Court's standard for specificity regarding motions *in limine*, and is precisely the type of motion this Court looks upon unfavorably. It will be denied.

*Thirteenth Motion:*

Smith's next contention concerns "new defenses" which Union allegedly did not raise in its pleadings but now plans to use as a defense at trial. Specifically, Smith contends that Union's counsel plans to emphasize at trial that he did not appeal utilization review denials but, rather, "just filed Motions to Compel." Smith states that "[t]his argument/defense is misleading. It is based upon the assumption that an appeal would somehow certainly result in a reversal of the utilization review denial when such is not the case at all." Furthermore, Smith argues that "these new defenses to the conduct of Union's adjusters are not plead and appear to be little more than

8

afterthoughts of counsel for Union in defense of this suit. The use of this defense or other unpled or disclosed defenses denies [Smith] the right to explore the same during discovery, and at the FRCP 30(b)(6) Deposition of the Defendant Union Insurance Company."

Union opposes the motion, specifically stating that Smith "has mischaracterized its defense as an affirmative defense, which it is certainly not. Additionally, [Smith] has been well aware of Union's argument during the discovery process." Union also notes that its eleventh defense in its answer to Smith's complaint was failure to mitigate.

The Court is unpersuaded by Smith's argument, and the motion will be denied. In the Court's view, Union is correct in its position that Smith's decision to file a motion to compel rather than appeal through utilization review is not an affirmative defense. Additionally, Union did plead Smith's failure to mitigate in its answer. Put simply, the Court is not convinced by Smith's assertion that he was unaware of Union's plan to make this argument at trial. Moreover, Smith will have the opportunity at trial to cross-examine Union's witnesses to address his concerns. The motion is not well-taken.

*Fourteenth Motion:*

Smith's fourteenth motion concerns the issue of Union's "refusal to authorize EMG and Nerve Conduction Studies ordered by its own medical examiner, Dr. Feriedoon Parsioon[.]" At Union's Rule 30(b)(6) corporation deposition, Suzanne Richardson—the company's designated corporate representative—stated, regarding the refusal, that ". . . it was thought that Dr. Parsioon would go back and look at the original studies, not realizing that those studies had already been done and that they were still current." Smith states that in making this comment, "the defense offers what it thought Dr. Parsioon thought. Moreover, [Richardson] could not point to any

9

communications between an adjuster and Parsioon after the EMG and Nerve Conduction Studies were refused."

In opposition, Union contends that Richardson "was not attempting to provide Dr. Feriedoon Parsioon's thoughts as Plaintiff alleges. Instead, she was providing what Union expected Dr. Parsioon to be doing."

Candidly, it is difficult for the Court to make this determination without the context of trial. Therefore, it will deny the motion at this time and make a ruling on the issue if it arises at trial.

*Fifteenth Motion:*

Smith's fifteenth motion also relates to Suzanne Richardson's testimony at the Rule 30(b)(6) deposition. In the motion, Smith requests that the Court "instruct and prohibit testimony from corporate representatives at a trial of this matter from testifying differently from the testimony given by Union Insurance Company [through Richardson] at its FRCP 30(b)(6) [d]eposition."

Union contends that this request "is not specific and not ripe." First, Union argues that it is unable to discern which parts of Richardson's testimony Smith seeks to exclude. Union additionally points out that Richardson will testify live at trial and that Smith will have the opportunity to cross-examine her if any of her trial testimony contradicts statements she made in her deposition.

The Court finds Union's response compelling. Frankly, this does not strike the Court as the type of issue that should be addressed in a motion *in limine*. As stated above, the purpose of a motion *in limine* is to address *specific* issues that may arise at trial. This motion does not raise any *specific* issue that should be addressed before trial. However, Smith will certainly have the

opportunity at trial to cross-examine Richardson, and the Court will also entertain any objections that he may have to Richardson's testimony when the appropriate time arrives. The Court cannot, though, properly address Smith's concerns outside of the context of trial. Therefore, the motion will be denied.

*Sixteenth Motion:*

Smith's sixteenth motion seeks to exclude "comments, assumptions, and statements" of Union's expert James Higginbotham. Citing Higginbotham's expert report, Smith in his motion that he "objects to any testimony or evidence from [Union's] expert Higginbotham to the effect that '. . . the failure of *providers* to comply with utilization review requirements constitutes neglect by the provider, not the carrier.'" Smith states that the medical providers who evaluated him were selected by Union and that Union should not be permitted to introduce evidence indicating that the failure of those providers to appeal the utilization review determinations should be inferred to the provider rather than Union. Specifically, Smith states that the delays in authorization "are the fault of Union Insurance Company[] because the medical providers are "agents of Union Insurance Company for the purpose of their services." However, he points to portions of Higginbotham's report, wherein he "repeatedly placed delays occasioned medical care to Anthony Smith upon the failure of healthcare providers to appeal utilization reviews or take other actions. He described this conduct as neglect by the provider, not [Union]."
CONFUSING. WORK ON IT.

*Seventeenth Motion:*

Smith's final request relates to communications between Jeff Skelton and Jorge Vallejo. Specifically, Smith states:

> Throughout this litigation and discovery Union Insurance Company has taken advantage of the attorney/client privilege refusing to reveal communications

between its Attorney Jeff Skelton and the adjuster involved in this matter, Jorge Vallejo. Because ample evidence exists that Vallejo would not communicate with Skelton in a timely fashion, Plaintiff seeks Motion in Limine prohibiting Jeff Skelton, or the adjuster Vallejo from relating at trial communications, contacts or dealings in order to now lessen or lighten the claims of unnecessary delay in receiving medical care by imparting to the jury, letting slip, or by permitting evidence to trickle in from Jeff Skelton, or Vallejo, or through other their written or unwritten communications to justify delays in medical care. . . Alternatively, [] if Union intends to waive the attorney/client privilege in whole or in part, all forms of written and unwritten communications between Vallejo and Skelton [should] be disclosed sufficiently prior to trial and that Skelton be made available for deposition.

In opposition, Union states

**Conclusion**

Relying on the foregoing analysis, it is hereby ORDERED that Smith's *Consolidated Motion in Limine* [176] is GRANTED IN PART.

SO ORDERED, this the 13th day of June, 2017.

                         **/s/ MICHAEL P. MILLS**
                         **UNITED STATES DISTRICT JUDGE**
                         **NORTHERN DISTRICT OF MISSISSIPPI**