IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY SMITH                                                                                  PLAINTIFF

v.                                                                       Civil Action No.: 3:15-cv-00162-MPM-RP

UNION INSURANCE COMPANY                                                                        DEFENDANT

**ORDER**

This cause comes before the Court on defendant Union Insurance Company's ("Union") *Second Motion in Limine to Exclude Plaintiff's Expert* [141]. In the motion, Union urges this Court to exclude plaintiff Anthony Smith's proffered expert, Lydia Quarles, for various reasons. Smith filed a response in opposition to the motion, to which Union filed a reply. The Court, having reviewed these submissions and relevant authorities, is now prepared to rule.

**Relevant Background[1]**

This action is based upon a dispute between an injured employee and a workers' compensation insurance carrier. Anthony Smith was employed by the Desoto County School District in Desoto County, Mississippi. On August 10, 2009, Smith attempted to replace a light bulb in his classroom. However, the light bulb unexpectedly exploded, causing Smith to lose his balance and fall from a ten-foot ladder. As a result of the fall, Smith sustained serious injuries to his head, neck, back, and shoulder. At the time of Smith's injury, Union was Desoto County School District's workers' compensation insurance carrier.

Due to the severity of his injuries, Smith required extensive medical care. Smith alleges, however, that he failed to receive the medical care he needed in a timely fashion due to Union's

---

[1] The Court set forth the extensive facts giving rise to this action in their entirety in its order addressing Union's motion for summary judgment. For the sake of brevity, it will refrain from doing so again here.

1

unnecessary delay in authorizing various treatments. He consequently filed the present action in this Court on September 24, 2015, alleging that Union acted in bad faith by delaying authorization of various medical treatments he needed. Specifically, Smith avers that "[t]he delays, and the refusal to investigate [his] need for medical care is systemic behavior of a willful nature representing a repetitious, and intentional wrong against [him], and illustrates a gross and reckless disregard for the impact any delay in care had upon [him]."

The present motion concerns Smith's proffered expert, Lydia Quarles. The Court has already disposed of Union's first motion to exclude Quarles, granting it in part and prohibiting Quarles from supplementing her original report after the applicable deadline to do so. Now, Union contends that Quarles is unqualified and that her opinions are wholly irrelevant and unreliable. Having reviewed the parties' arguments, and for the reasons set forth below, the Court finds that the motion should be denied.

## Legal Standard for Expert Testimony

This Court has previously recognized its duty "to screen a proffered expert's testimony to determine admissibility." *Childs v. Entergy Miss., Inc.*, 2009 WL 2508128, *2 (N.D. Miss. Aug. 13, 2009). "Expert testimony is not admissible unless the expert is qualified and the opinion is scientifically valid and methodologically sound." *Miller v. Genie Indus., Inc.*, 2012 WL 161408, at *4 (N.D. Miss. Jan. 19, 2012) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

Regarding an expert's qualifications, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or

2

education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing FED. R. EVID. 702).[2]

"A proposed expert does not have to be 'highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.'" *Bryant*, 78 F.Supp.3d at 631 (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)). Moreover, "[a] lack of personal experience . . . should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided by Rule 702: 'knowledge, skill, experience, training, *or* education.'" *U.S. v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013) (quoting FED. R. EVID. 702) (emphasis in original). The Court also notes that the proponent of expert testimony bears the burden to establish the witness's qualifications by a preponderance of the evidence. *U.S. v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997).

Turning to the substance of the expert's proposed testimony, "the overarching concern is whether or not it is relevant and reliable." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). Regarding relevance, the testimony must "assist the trier of fact to understand the evidence or determine a fact in issue[.]" *Childs*, 2009 WL 2508128, at *2. The relevance requirement is satisfied "where there is a sufficient relationship between the subject of the proffered testimony and the facts of the case, so that the testimony aids the factfinder in resolving a disputed issue." *Id.* (additional citations omitted). As to reliability, "[a] party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith*, 495 F.3d at 227

---

[2] *See also Bryant v. 3M Co.*, 78 F.Supp.3d 626, 630 (S.D. Miss. 2015) (quoting *Sullivan v. Rowan Cos.*, 952 F.2d 141, 144 (5th Cir. 1992)) ("Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony.").

(citing Fed. R. Evid. 702). "Proposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known. In short, the requirement that an expert's testimony pertains to 'scientific knowledge' establishes a standard of evidentiary reliability." *Reed v. Flores*, 2010 WL 5051474, at *2 (N.D. Miss. Dec. 3, 2010) (quoting *Daubert*, 509 U.S. at 590).

The Court must also "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)) (additional citations omitted). Additionally, "[t]he party offering the expert testimony bears the burden of proving that the testimony is admissible." *Miller*, 2012 WL 161408, at *4 (citing *Smith*, 495 F.3d at 227).

**Discussion**

Union makes four arguments in favor of excluding Quarles. Specifically, it contends that (1) her opinions should be excluded as untimely; (2) her opinions are inadmissible pursuant to Rules 702 and 703 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); (3) her failure to consider the use of the medical fee schedule and utilization review rules renders her opinions inadmissible; and (4) she is unqualified to provide opinions regarding industry standards. The Court will address each of these arguments in turn.

The Court first considers Union's argument that Quarles' opinions as to the fee schedule and utilization review should be excluded as untimely. This argument relates to the opinions quoted below:

> In my opinion, based on the documents that I have reviewed to date, there is no document available to support or defend Union Standard Insurance Group, LLC's delay and denial of reasonable and necessary medical services and supplies to Smith.
>
> Please note that an insurer, under Mississippi Workers' Compensation procedural and general rules, as well as the Medical Fee Schedule, have options available to them for reviewing or contesting the necessity or reasonableness of any medical treatment prescribed by a treating physician . . . I also question the handling of utilization reviews by Union Standard Insurance Group, LLC. (Factual identification of inappropriate utilization review and fee schedule policies will be set forth for consideration **after I have completed reviewing all Forté files** and other documents for these precise irregularities.)
>
> In review of the documents supplied to me, I could find no legitimate or arguable reason in fact or in law to delay the process of medical care and thus Smith's recovery.
>
> I anticipate further developing, in a factual context, irregularities in utilization review and fee structure regulations in this matter, as well as a calendar which identifies delay in payment and/or irregularities in utilization review.

Union argues that these opinions should be excluded since Quarles had not reviewed the Forté files[3] at the time she submitted her report, essentially taking the same position that it did in its first motion to exclude her. In fact, Union states that it "incorporates herein by reference its First Motion to Exclude Plaintiff's Expert, Lydia Quarles, as well as, its supporting memorandum."

Having reviewed this argument, along with its previous order on this issue, the Court reiterates its prior ruling that it "will exclude any supplemental opinions Quarles may develop based upon her further review of the documents but will permit her to testify to the opinions contained in her original report, as that report was timely produced." This holding, in the

---

[3] As explained in greater detail in previous orders, Forté is the company that performed the utilization reviews submitted by Union in Smith's case. The parties refer to the documents created by Forté during that process as "Forté files."

Court's view, sufficiently addresses the timeliness issue. Therefore, to the extent that Union wishes to alter the Court's previous ruling, its argument is rejected.

Second, Union avers that Quarles' proposed testimony is unreliable and should be excluded pursuant to the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579. Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702. The Court's analysis as to the reliability of an expert's proposed testimony "must be solely on the principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted." *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 164 (E.D. La. Sept. 14, 2011) (citing *id.* at 593-94). However, these factors are non-exhaustive, and "the basic task of the district court. . . [is] to ensure that the evidentiary submission is of an acceptable level of 'evidentiary reliability.'" *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 990 (5th Cir. 1997) (quoting *Cummins v. Lyle Indus.*, 93 F.3d 362, 368 n.2 (7th Cir. 1996)).

In the motion, Union states that "[a]lthough not included in her July 18, 2016 report, Quarles consistently testified in her deposition that the Medical Fee Schedule and the Utilization

Review Guidelines are for cost containment only and may not be relied upon by an Employer/Carrier as the basis to deny authorization of medical treatment. Yet, Quarles admitted that her opinions were not supported by any statutory, case law, industry or other authority." In his response, Smith emphasizes that "these were opinions expressed by Quarles in response to questions asked by Unions [sic] attorney. They are not in her report."

The Court finds Union's argument unconvincing. While it certainly does not help Quarles' credibility that she admitted in her deposition that one particular opinion is not supported by any authority, the Court is unwilling to exclude her testimony solely upon one statement made during her deposition. As highlighted by Smith, Quarles' deposition statement that the fee schedule and utilization review guidelines are only for cost containment is not located anywhere within her expert report, and the statements were made in response to questions by Union's counsel on cross-examination at the deposition. If this issue arises at trial, Union may certainly question Quarles about her deposition testimony—subject, of course, to the Federal Rules of Evidence; however, the Court is unwilling to exclude her testimony altogether based upon a statement made during her deposition that cannot even be found in her expert report. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). This alleged basis for exclusion is now rejected.

Third, Union asserts that "Quarles' failure to consider the use of the Medical Fee Schedule and Utilization Review Rules renders her remaining opinions inadmissible." Regarding this position, Union states that "[n]owhere in her report or deposition does [Quarles] challenge the use of utilization review or its timeliness. Rather, presumably because of her unsubstantiated belief that the Medical Fee Schedule and Utilization Review Rules only apply to

issues of cost containment, Quarles takes the position that the more than 600 pages of Forté utilization review documents produced in this case are 'irrelevant' to the pending bad faith action. As such, she has completely ignored the extensive utilization review process that took place during the tenure of Plaintiff's underlying workers' compensation claim. The decision is fatal to the remainder of her opinions, because utilization review cannot be ignored in this case."

In opposition, Smith contends that Union's argument "ignores the fact[] that the initial denial of medical care based upon receipt of a utilization review was at no time relied upon by Union in response or pleading to the many motions to compel medical care. Stated differently, Union made no reference whatsoever to the utilization review subsequent to [Smith's] filing of many motions to compel. . . [R]eceipt of the utilization review does not excuse the conduct of an adjuster who delays making decisions until the hearing date can be scheduled, to only then approve the delayed medical care."

The Court finds Union's argument to be without merit. Smith contends, as he did in his response to Union's first motion to exclude Quarles, that her testimony is not based upon the utilization review documents. In its order addressing that motion, the Court accepted this contention, and it finds no reason to change its opinion as to that issue now. Of course, if Quarles' trial testimony is based upon documents that she has not reviewed, Union may object, and the Court will take up the issue at that time. However, Union has provided the Court no sufficient basis to exclude Quarles' opinions at this time; therefore, this argument is rejected.

Finally, Union avers that "Quarles' opinions regarding insurance industry standards should be excluded because she is not qualified to provide them." In making this argument, Union states that while Quarles' past work history includes the positions of an attorney in private practice, an administrative law judge with the Mississippi Workers' Compensation Commission

8

("the Commission"), and Commissioner of the Commission, she does not have any experience that properly qualifies her to testify as an expert as to the insurance industry. Moreover, Union states that "[s]he has never been qualified by any court as an expert in insurance industry standards. She has no insurance claims handling experience. She has never managed or supervised adjusters handling workers' compensation claims. She has never been employed by an insurance company or in the insurance industry. She has never written any policies or procedures for claims handling on behalf of an insurance company. The training she has done for insurance adjusters was based upon the Mississippi Workers' Compensation statutes and laws, as opposed to insurance industry standards."

The Court is unpersuaded by Union's argument. As stated above, "[a] proposed expert does not have to be 'highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, *not its admissibility*." *Bryant*, 78 F.Supp.3d at 631 (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)) (emphasis added). Moreover, so long as the expert is qualified based on one of the Rule 702 facts, "a lack of personal experience . . . should not ordinarily disqualify [her]." *Id.* (quoting *Wen Chyu Liu*, 716 F.3d at 168). Stated differently, an expert is not required to have personal familiarity with the subject of her testimony, as "experience is only one among the five different ways to demonstrate an expert is qualified." *Wen Chyu Liu*, 716 F.3d at 168 (citing *Exum v. Gen. Elec. Co.*, 819 F.2d 1158, 1163 (D.C. Cir. 1987)).

Relying on this authority, the Court finds that Quarles should not be excluded. As set forth in her curriculum vitae and stated in her deposition, Quarles has provided training for insurance adjusters in the workers' compensation context. This experience, along with her prior service as an administrative law judge in the workers' compensation context and as the

Commissioner of the Commission, provides a sufficient base level of knowledge in this area for Quarles to testify as an expert. The Court also notes that Quarles has served as an expert in thirteen other cases involving workers' compensation benefits and has published numerous articles on various topics in the workers' compensation field. As with its other concerns addressed above, Union may cross-examine Quarles at trial about her qualifications if it feels the need to do so. The Court will not, however, exclude her altogether. Consequently, Union's final argument is rejected.

**Conclusion**

Relying on the foregoing analysis, the present motion is not well-taken. Accordingly, it is hereby ORDERED that Union's *Second Motion in Limine to Exclude Plaintiff's Expert* [141] is DENIED.

SO ORDERED, this the 22nd day of June, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**